# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JUNE 2020

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILIP LAWRENCE. MORIARTY | ZEFF LAW FIRM LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5 SPRENKLE AVENUE<br>HANOVER PA 17331 | 518 S.THIRD STREET<br>PHILADELPHIA PA 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | GREGG L. ZEFF |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 518 S.THIRD STREET<br>PHILADELPHIA PA 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort        [ ] Commerce         [ ] Settlement<br>[X] Jury          [ ] Savings Action  [ ] Minor Court Appeal [ ] Minors<br>[ ] Non-Jury      [ ] Petition         [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE
4L - MALPRACTICE - LEGAL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br>JUN 30 2020<br>A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PHILIP LAWRENCE MORIARTY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH P. GUZZARDO | 114 FAIRMOUNT AVE<br>PHILADELPHIA   PA 19123 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)718-6691 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 95089 | josephguzzardo@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOSEPH GUZZARDO | Tuesday, June 30, 2020, 05:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

| | |
|---|---|
| PHILIP LAWRENCE MORIARTY<br>*Plaintiff* | COURT OF COMMON PLEAS<br><br>June Term, 20 20<br><br>No. 01911 |
| vs. | |
| ZEFF LAW FIRM LLC, et al.<br>*Defendant* | |

To[1]

Gregg L. Zeff, Esquire

100 Century Parkway, Suite 160

Mt Laurel, N.J. 08054

## Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Philip Lawrence Moriarty

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

10-208 (Rev. 6/14

---

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

## Court of Common Pleas

June _____ Term, 20 20_____

No. 01911_____

PHILIP LAWRENCE MORIARTY
*Plaintiff*
        vs.

ZEFF LAW FIRM LLC, et al.
*Defendant*

# SUMMONS

MARK B. FROST & ASSOCIATES
Mark B. Frost, Esquire
Joseph P. Guzzardo, Esq.
1515 Market Street, Ste. 1300
Philadelphia, PA 19102
215-351-3333
MFrost@MFrostLaw.com

Attorneys for Plaintiff

*Filed and Attested by the Prothonotary 30 JUN 2020 05:04 pm*

| | |
|---|---|
| PHILIP LAWRENCE MORIARTY,<br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>ZEFF LAW FIRM LLC<br><br>　　　　And<br><br>GREGG L. ZEFF, ESQ.<br><br>　　　　　Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br><br><br>DOCKET NO. _____<br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## *NOTICE TO DEFEND*

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>1101 Market Street, 11th Flr.<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>ASSOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>1101 Market Street, 11th Flr.<br>Filadelfia, Pennsylvania 19107<br>Telefono: 215-238-6333 |

| | |
|---|---|
| MARK B. FROST & ASSOCIATES<br>Mark B. Frost, Esquire<br>Joseph P. Guzzardo, Esq.<br>1515 Market Street, Ste. 1300<br>Philadelphia, PA 19102<br>215-351-3333<br>MFrost@MFrostLaw.com | Attorneys for Plaintiff |

| | |
|---|---|
| PHILIP LAWRENCE MORIARTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZEFF LAW FIRM LLC<br><br>　　And<br><br>GREGG L. ZEFF, ESQ.<br>　　　　　Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br><br>DOCKET NO. _____<br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff, Philip Lawrence Moriarty, through his counsel, brings this suit against Gregg Zeff, Esquire and Zeff Law Firm LLC for professional malpractice and negligence:

1. Plaintiff Philip Lawrence Moriarty is a resident of York County, Pennsylvania with an address located at 5 Sprenkle Avenue, Hanover, PA 17331.

2. Defendant, Gregg L. Zeff, is a licensed attorney with offices located at 518 S. Third Street, Philadelphia, PA 19147 and 100 Century Parkway, Suite 160 Mt Laurel, N.J. 08054.

3. Defendant Zeff Law Firm, LLC – which, upon information and belief, is wholly owned and operated by Defendant Gregg Zeff– is a business and law office headquartered at above address.

2

4. Venue is appropriate in Philadelphia County because Defendants, one or both of them, regularly conduct business in Philadelphia County.

5. On July 21, 2014, Plaintiff entered a negotiated guilty plea to recklessly endangering another person ("REAP") and resisting arrest. The court sentenced Plaintiff that day in accordance with the plea agreement to one to twenty-three months and twenty-nine days' imprisonment for REAP and a consecutive term of twelve months' probation for resisting arrest. The court immediately paroled Plaintiff. The terms of Plaintiff's parole/probation prohibited Plaintiff from committing any violation of the law.

6. While Plaintiff was on parole, on March 5, 2016, the Commonwealth charged him at docket No. CP–01–CR–0000521–2016 ("docket 521–2016"), with aggravated assault, terroristic threats, simple assault, and harassment.

7. On March 7, 2016, the Commonwealth filed a motion for revocation of parole/probation regarding Plaintiff's REAP and resisting arrest convictions, based on the new charges.

8. The Commonwealth claimed the new charges constituted a "Rule 1 violation" (prohibition against committing any violation of the law).

9. The new charges formed the sole basis for revocation; the Commonwealth cited no technical violations of parole/probation.

10. The court assigned Plaintiff's case to the Adams County Public Defender's office to appoint an attorney to represent Plaintiff for the revocation proceedings as well as the new charges.

11. The Adams County Public Defender's Office in turn recommended the

3

appointment of attorney Eric Weisbrod, Esq. to Plaintiff and asserted that Weisbrod was competent to represent Plaintiff in this proceeding.

12. On advice of attorney Weisbrod, Plaintiff waived his Gagnon I hearing on March 15, 2016.

13. On advice of attorney Weisbrod, Plaintiff also waived a preliminary hearing on April 20, 2016, regarding the new charges.

14. On the advice of attorney Weisbrod, Plaintiff proceeded to a Gagnon II hearing on April 28, 2016, instead of deferring the revocation hearing until after trial on the new charges.

15. It was attorney Weisbrod's advice and recommendation – upon which Plaintiff acted and relied – to proceed with the Gagnon II hearing rather than deferring it until disposition of his new charges.

16. The notes of testimony from the Gagnon II hearing make clear the Commonwealth did not present any factual evidence of Plaintiff parole/probation violation, other than his arrest on the new charges.

17. Attorney Weisbrod later testified that he advised Plaintiff to proceed to the Gagnon II hearing before trial on the new charges because Plaintiff would have a better chance at eligibility for work release, so long as he also made bail on the new charges.

18. However, according to the record entries for Plaintiff's new charges at docket 521–2016, counsel did not file a motion for modification of bail until July 25, 2016, nearly three months later, which the court subsequently denied on August 25, 2016.

19. Further, in actuality, Plaintiff was ineligible for work release due to the new charges.

4

20. Thus, there was no legitimate reason to proceed with the Gagnon II hearing.

21. At Gagnon II hearing on April 28, 2016, the court revoked Plaintiff's parole for the REAP conviction and recommitted Plaintiff to serve the time remaining on that sentence, which was twenty-two months and twenty-eight days' imprisonment, with credit for the time served. Regarding the resisting arrest conviction, the court revoked probation and resentenced Plaintiff to twelve months' consecutive probation.

22. On December 6, 2016, a jury acquitted Plaintiff of all the new charges at docket 521–2016.

23. On December 19, 2016, Plaintiff timely filed a pro se Post Conviction Relief Act petition with respect to his conviction for parole violation, raising ineffectiveness assistance of counsel claims against Weisbrod in connection with Plaintiff's parole revocation hearing.

24. On March 8, 2018, the Superior Court of Pennsylvania granted Plaintiff's Post-Conviction Relief Act petition, finding that defendants provided ineffective assistance of counsel by not deferring his Gagnon II hearing until after disposition of the new criminal trial.

25. As a result, his parole revocation was vacated on or about March 27, 2018 and he was released from confinement thereafter.

26. Had Weisbrod deferred the Gagnon II hearing, Plaintiff's parole and probation would not have been revoked, given his subsequent acquittal on the new criminal charges, and he would have been released from confinement promptly upon acquittal in December of 2016.

27. However, as a result of Weisbrod's clear negligence and malpractice, Plaintiff was not released from confinement at that time.

28. From the time of his Gagnon II hearing until his release, and as a result of

Defendants' negligence and malpractice, Plaintiff remained in prison unnecessarily and suffered significant harm.

29. As a direct and proximate result of the aforesaid acts of Weisbrod and Adams County Public Defenders Office, Plaintiff suffered severe pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

30. On April 13, 2018, Plaintiff retained Defendant, attorney Gregg Zeff, for purposes of bringing a civil claim for legal malpractice against attorney Weisbrod.

31. The statute of limitations for a malpractice claim against attorney Weisbrod expired on December 19, 2018 – two years from the date that Plaintiff filed his Post-Conviction Appeal with respect to Plaintiff's conviction for parole violation. See Baily v. Tucker, 533 Pa. 237 (1993).

32. Defendant Zeff failed to timely file a legal malpractice claim against Weisbrod within the applicable statute of limitations pertaining to a civil malpractice case against a former criminal attorney guilty of ineffective assistance of counsel.

33. During the course of Zeff's representation of Plaintiff, Zeff failed to return Plaintiff's phone calls and/or meet with Plaintiff.

33. On June 5, 2019, Defendant Zeff sent a letter to Plaintiff via email and overnight mail discharging the Plaintiff as a client and confirming Zeff's complete ignorance of the applicable statute of limitations, stating "I believe that your statute of limitations runs on the of the [sic] court decision in your underlying criminal case, which was March 8, 2018. Therefore, any lawsuit in this matter alleging malicious prosecution or legal malpractice must be filed on or

before March 8, 2020." Plaintiff relied upon Defendant Zeff's representation with respect to o the statute of limitations deadline.

35. As a result of Defendant Zeff's unreasonable failure to file suit within the applicable statute of limitations, and/or failure to take any action to toll the statute of limitations and/or advise Plaintiff of the statute of statute limitations, Defendant Zeff is liable to Plaintiff for all those damages that Plaintiff would have been entitled to in his underlying case.

## COUNT I
## PLAINTIFF V. ALL DEFENDANTS
## PROFESSIONAL NEGLIGENCE

36. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

37. A duty of care existed between Plaintiff and Defendants.

38. Defendants breached the duty of care to Plaintiff in failing to exercise ordinary skill and knowledge in providing legal services to Plaintiff.

39. Defendants' aforesaid acts and omissions were collectively the cause and moving force behind the aforesaid injuries to Plaintiff.

40. Zeff Law Firm LLC is liable for the acts and omissions of Gregg Zeff, acting in the scope of his employment.

41. As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff suffered severe pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

WHEREFORE, Plaintiff, Philip Lawrence Moriarty, demands judgment against Defendants, Zeff Law Firm LLC and Gregg Zeff, in an amount in excess of Fifty Thousand

Dollars ($50,000.00). The amount demanded is in excess of the amount requiring submission to arbitration.

Plaintiff hereby demands a trial by jury on all issues so triable.

                                               **MARK B. FROST & ASSOCIATES**

                                   BY:   */s/ Mark Frost*, PA# 19284
                                                   MARK B. FROST, ESQUIRE
DATED: June 30, 2020                Attorney for Plaintiff

## **VERIFICATION**

I, Philip Moriarty, hereby state that I am the Plaintiff in this Action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Philip Moriarty*
Philip Moriarty

6/24/2020