UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP LAWRENCE MORIARTY,<br><br>Plaintiff<br><br>vs.<br><br>ZEFF LAW FIRM LLC AND GREGG L. ZEFF, Esquire,<br><br>Defendants | Civil Action No. 2:20-CV-03696-MMB |

**DEFENDANTS, GREGG L. ZEFF AND THE ZEFF LAW FIRM, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO TRANSFER VENUE</u>**

I.   FACTS

On or about June 30, 2020, Plaintiff, Philip Lawrence Moriarty (hereinafter "Moriarty"), filed a Complaint in the Philadelphia Court of Common Pleas at June Term, 2020 No. 01911, alleging legal malpractice claims against Defendants, Gregg L. Zeff and The Zeff Law Firm, LLC.  A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".  On July 30, 2020, the instant action was removed by defendants to the United States District Court for the Eastern District of Pennsylvania.

The incident which forms the basis for the instant legal malpractice action involves an underlying claim of legal malpractice that defendants allegedly failed to commence against attorney Eric J. Weisbrod ("Weisbrod") stemming from his handling of two criminal defense matters, including a hearing on revocation of parole and probation known as a Gagnon II hearing, in connection with Adams County Case No. CP-01-CR-0000492-2014, and a bail hearing in

connection with charges for aggravated assault, terroristic threats, simple assault and harassment filed at Adams County Case No. CP-01-CR-0000521-2016.

Plaintiff's Complaint alleges that as a result of the underlying malpractice claim, his parole/probation for charges associated with reckless endangering another person ("REAP") and resisting arrest was revoked on or about April 28, 2016, and he was not released from confinement until March 27, 2018, when his parole revocation was later vacated. Plaintiff Moriarty claims that had his criminal defense attorney Weisbrod advised him to defer the Gagnon II hearing until after disposition of new criminal charges for aggravated assault, terroristic threats, simple assault and harassment on March 5, 2016, he would have been released from confinement on or about December 6, 2016 instead of on March 27, 2018. *See* Exhibit "A". The Complaint further alleges that Plaintiff Moriarty sustained severe pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, loss of wage-earning capacity and other damages as a result of defendants' alleged legal malpractice. *See* Exhibit "A", ¶41.

## II.   ARGUMENT
### A. Legal Standard

Pursuant to 28 U.S.C. §1404(a), a district court may transfer an action to any other district "where it might have been brought" if the transfer is for "the convenience of the parties and witnesses" and "in the interest of justice". 28 U.S.C. 1404(a); *see also Connors v. UUU Prodis*, 2004 WL 834726, at *6 (E.D.Pa. March 5, 2004). Questions regarding venue are procedural and therefore federal law applies as opposed to state law. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-78 (3d Cir. 1995). A request for transfer under § 1404(a) is analyzed under a two-part framework, as both the original venue and requested venue must be proper. *See Jumara*, 55 F.3d at 878-79; *see also Johnson v. Equifax Info. Servs.*, LLC, 2017 WL 2779568, at

*2 (E.D. Pa., 2017); *Murphy v. Trans Union, LLC*, No. 12-0499, 2012 U.S. Dist. LEXIS 115610, 2012 WL 3536322, at *2 (E.D. Pa. Aug. 15, 2012). Once it is established that the action could have been brought in the proposed venue, the Court must weigh and balance a non-exhaustive list of private and public interest factors to determine whether transfer is warranted. *Jumara*, 55 F.3d at 879-80; *Johnson*, 2017 WL 2779568, at *2. The moving party bears the burden of proving that transfer is appropriate. *Murphy*, 2012 U.S. Dist. LEXIS 115610, 2012 WL 3536322, at *3.

For all the reasons below, Defendants have demonstrated that a transfer to the Middle District of Pennsylvania is most convenient for the parties and witnesses and is in the interest of justice, and this Court should transfer this matter to the United States District Court for the Middle District of Pennsylvania.

**B. Venue Is Proper in the Middle District of Pennsylvania**

As a threshold matter, the Court must determine if the Middle District is a "district in which this action might have been brought" pursuant to Section 1404(a). Transfer under Section 1404(a) is proper if the proposed transferee court is an appropriate venue. 28 U.S.C. § 1404(a). The Middle District is such an appropriate venue for this action. 28 U.S.C. § 1391 governs, for venue purposes, where a case "may be brought." In a case where jurisdiction is premised on diversity of citizenship, the case may be brought only in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. Under Section 1391, the Middle

3

District is a proper venue for the instant action. Relevant activities giving rise to the claims in Plaintiff's Complaint occurred in the Middle District; whereas none of those activities occurred in the Eastern District of Pennsylvania. The underlying criminal actions took place in Adams County, which is within the Middle District, the Law Office of Eric J. Weisbrod is located in Chambersburg, Pennsylvania, which is within the Middle District and records relating to the underlying criminal matters are located within the Middle District. *See* Declaration of Eric J. Weisbrod attached as Exhibit "B". It is believed that any inpatient treatment that plaintiff underwent occurred in the Middle District of Pennsylvania. Should the Zeff Law Firm had commenced an action for legal malpractice against Eric J. Weisbrod, Esquire, that action would have been commenced in either Franklin County or in Adams County, and both Franklin County and Adams County are within the Middle District. Thus, acts or omissions giving rise to the instant action occurred in the Middle District. For all of these reasons, the Middle District is a proper venue for this action.

**C. The Applicable Factors Strongly Favor Transfer to the Middle District of Pennsylvania**

It is well-settled that the convenience of the parties, the convenience of the witnesses, and the interests of justice should be considered when deciding whether to transfer venue. *See, e.g., Van Dusen*, 376 U.S. at 616; *Johnson*, 2017 WL 2779568, at *2; *Jumara*, 55 F.3d 873, 879 (3d Cir. 1995). Courts, however, have not limited their consideration to the three enumerated factors in 1404(a)." *Jumara*, 55 F.3d at 879. All relevant factors should be considered "to determine whether on balance the litigation would more conveniently proceed and the interests of justice be served by transfer to a different forum." *Id*. (internal quotations omitted). Here, the balance of the private and public interest factors mandate transfer of this action to the Middle District. Based upon these factors, Defendants have demonstrated that the Middle District is more

convenient than the Eastern District of Pennsylvania, and accordingly this Court should grant this motion to transfer this matter to the Middle District.

**1. The Private Interest Factors Warrant Transfer to the Middle District**

The private interest factors to be considered may be summarized and restated as follows: (1) The plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. Johnson, 2017 WL 2779568, at *2. (emphasis added).

    a.  **Plaintiffs' Choice of Forum Should Not Be Given Inordinate Weight**

The first private interest factor is "plaintiff's forum preference as manifested in the original choice." *Jumara*, 55 F.3d at 879. The plaintiff's choice of forum is typically "'entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum.'" *Darden v. Trans Union, LLC*, No. 11-6310, 2012 U.S. Dist. LEXIS 44791, 2012 WL 1071227, at *2 (E.D. Pa. Mar. 30, 2012) (quoting Blanning v. Tisch, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974)). However, "'[i]t should be noted . . . that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit was based.'" *Darden*, 2012 U.S. Dist. LEXIS 44791, 2012 WL 1071227, at *2 (quoting *Harris v. AMTRAK*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997)). In the present matter, Plaintiff's forum preference should not be given much weight for two main reasons. First, this factor provides for consideration of Plaintiff's original choice of preferred forum. Jumara, 55 F.3d at 879 (emphasis added); see also Johnson, 2017 WL 2779568, at *3 [declining to give Plaintiff's choice of forum any substantial weight where suit was original

filed in Pennsylvania state court]. Here, Plaintiffs did not actually have an original preference for the Eastern District of Pennsylvania. Rather, Plaintiff's Complaint was originally filed in the Court of Common Pleas of Philadelphia County. *See* Exhibit "A". The only reason this matter is in the Eastern District of Pennsylvania is because Defendants removed it pursuant to 28 U.S.C. § 1441. Accordingly, this Honorable Court should decline to give Plaintiff's preference any substantial weight in light of this action being originally filed in Pennsylvania state court. Moreover, the weight of plaintiff's chosen forum is reduced where, as here, it is not "the situs of material events." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008)("When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight.") Plaintiff has alleged a series of events relating to an underlying malpractice claim against his former criminal defense attorney which occurred in Adams County, Pennsylvania. Plaintiff then retained an attorney who practices primarily out of his Mount Laurel, New Jersey office. Defendant eventually terminated plaintiff as a client by sending him correspondence to his residence in York County, Pennsylvania. In the event that the Zeff Law Firm should have commenced a claim against Eric J. Weisbrod, such claim would have been commenced in the Franklin County Court of Common Pleas or in the Adams County Court of Common Pleas, and therefore at issue is whether defendants failed to commence a legal action in the Franklin County Court of Common Pleas or in the Adams County Court of Common Pleas. As the plaintiff's chosen forum has little connection with the facts of the lawsuit, the private interests of the plaintiff should be afforded weight.

b. **Convenience for Key Witnesses**

Perhaps the key witness in connection with the underlying legal malpractice case is attorney Eric J. Weisbrod. According to the Declaration of attorney Weisbrod, the Middle District would be a more convenient forum for litigation. *See* Exhibit "B". Attorney Weisbrod's office is located in Chambersburg, Pennsylvania, which is 158 miles from the United States District Court for the Eastern District of Pennsylvania. Accordingly, attorney Weisbrod and his file are beyond the subpoena power of the Eastern District. It would obviously be more convenient for attorney Weisbrod to participate in discovery and a trial in the Middle District than in the Eastern District.

c. **The Underlying Events Occurred in the Middle District**

Plaintiff's two criminal actions that are at issue in the underlying legal malpractice case occurred in Adams County, which is in the Middle District. Attorney Weisbrod's handling of plaintiff, Moriarty's cases, and advice given to Moriarty were provided in Adams County, Pennsylvania. *See* Exhibit "B". Attorney Weisbrod's files are located in Franklin County in Chambersburg, Pennsylvania. *See* Exhibit "B". Moreover, Moriarty's records of incarceration as well as his incarceration occurred in the Middle District. All of the plaintiff's alleged injuries, damages and suffering occurred in the Middle District. When plaintiff, Moriarty retained attorney Zeff to provide legal services, Moriarty was located in the Middle District. Lastly, when attorney Zeff terminated Moriarty as his client, Mr. Moriarty received a letter via e-mail and certified mail at his residence in York, Pennsylvania. Given the underlying events that occurred exclusively within the Middle District, this matter should be transferred to the Middle District.

### d. Plaintiff Will Not Be Inconvenienced by a Transfer

Plaintiff's counsel appears to be located in the Eastern District. Other than this, and plaintiff's allegation that Defendant, Zeff Law Firm has an office in Philadelphia, there is no connection to the Eastern District. There are no witnesses located in the Eastern District of Pennsylvania. Since the plaintiff resides in York County, the Middle District is closer to his residence for purposes of attending depositions and trial. Therefore, he will not be inconvenienced if this matter is transferred to the Middle District.

### e. Location of Books and Records

The majority of the documents and records are located in the Middle District. Those records include attorney Weisbrod's files, attorney Weisbrod's financial and insurance records, treatment records of Moriarty, Moriarty's employment or wage history records, files relating to the two Adams County criminal matters, and matters relating to Adams County Work Release Program. The location of the records relating to this matter weighs in favor of transferring the case to the Middle District.

## 2. Public Interest Factors Also Warrant Transfer to the Middle District

Public interest factors including practical considerations as well as local interest in the underlying dispute weigh in favor of transfer to the Middle District. *See Jumara*, 55 F.3d at 879-80. There will be no duplication of efforts in transferring the case to the Middle District as no discovery or other activity has taken place in the Eastern District. Thus, there are no practical considerations that prevent transferring the case to the Middle District. Local interest in the underlying issues surrounding Eric Weisbrod's services performed for Moriarty weigh heavily in favor of transferring the matter to the Middle District. Courts have a local interest in deciding

localized controversies decided at home.  *See Murphy*, 2012 WL 3536322, at *6.  Since Moriarty is a resident of York County, Pennsylvania and the criminal matters at issue, including whether attorney Weisbrod committed malpractice as a criminal defense attorney, involve matters of local interest lying within the Middle District, this matter should be transferred to the Middle District.

## IV. CONCLUSION

For all of the above reasons, defendants Gregg L. Zeff and The Zeff Law Firm, LLC respectfully request this Honorable Court to grant their Motion to Transfer Venue to the Middle District.

                                                  Respectfully submitted,

                                                  **BARDSLEY, BENDICT AND CHOLDEN, LLC**

Date:  08/01/2020                      S/*Pamela J. Devine*

                                                  Pamela J. Devine, Esquire
                                                  Pennsylvania Attorney I.D. No.: 76840
                                                  10 Valley Stream Parkway, Suite 201
                                                  Malvern, PA 19355
                                                  Telephone:  215-977-4133
                                                  Fax:  866-368-5234
                                                  Email:  pdevine@bbclawfirm.com
                                                  *Attorney for Defendants, Zeff Law Firm, LLC*
                                                  *and Gregg L. Zeff, Esquire*