IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PHILIP LAWRENCE MORIARTY | CIVIL ACTION |
|---|---|
| v. | NO. 20-3696 |
| ZEFF LAW FIRM LLC, GREGG L. ZEFF, ESQ. | |

**MEMORANDUM**

Baylson, J.                                                                                           September 30, 2020

**I.     Introduction**

Zeff Law Firm LLC and Gregg L. Zeff (collectively, "Defendants") have already removed the present litigation from state court in Philadelphia, and now they seek to transfer the venue. This motion to transfer venue ("Motion") stems from a two-tiered legal malpractice claim: Plaintiff Moriarty alleges that Defendants committed legal malpractice by failing to prosecute a *separate* legal malpractice claim against his defense attorney for actions during Plaintiff's criminal defense and parole hearings.  The question in front of this Court is which alleged malpractice should determine venue:  Defendants' actions in the Eastern District or Plaintiff's former defense attorney's in the Middle District of Pennsylvania.

Because the relevant conduct and claim are Defendants' actions in allegedly mishandling Plaintiff's now-expired prior claim — and because that conduct did not occur in the Middle District of Pennsylvania — the Court will DENY Defendants' motion to transfer venue.

1

Additionally, Plaintiff requests leave to file a motion for sanctions against Defendants in response to the present motion. The Court finds no indicia that Defendants' Motion is frivolous or abusive and will DENY Plaintiff's request.

## II.     **Factual and Procedural History**

In 2014, Plaintiff Moriarty pleaded guilty to recklessly endangering another person and resisting arrest. Compl. at ¶ 5. On March 5, 2016, the Commonwealth charged him with other assault-related crimes in Adams County (the "2016 charges"), which would have constituted a violation of his parole. Id. at ¶¶ 6, 7. On recommendation of the Adams County Public Defenders, the court appointed Eric Weisbrod to represent Plaintiff in his criminal charges and parole revocation hearings. Id. at ¶¶ 10, 11. Weisbrod's law offices are in Franklin County, Pennsylvania. Decl. of E. Weisbrod, ECF 7-2.

Weisbrod advised Plaintiff to participate in a parole revocation hearing in April 2016. Compl. at ¶¶ 14, 15. Based exclusively on the pendency of the 2016 charges, the court revoked Plaintiff's parole and imprisoned him. Id. at ¶¶ 16, 21.

In December 2016, however, a jury acquitted Plaintiff of all 2016 charges. Id. at ¶ 22. Plaintiff quickly filed a pro se Post Conviction Relief Act petition regarding his parole revocation, based on ineffective assistance of counsel Weisbrod. Id. at ¶ 23. Plaintiff argued that Weisbrod's representation was deficient in his advice regarding participation in the parole revocation hearing, including refusing to defer the hearing until after his trial. Id. at ¶¶ 14, 15, 23. The Superior Court of Pennsylvania granted Plaintiff's petition and released him from detention in March 2018, after nearly two years of detention. Id. at ¶¶ 24, 25.

2

On April 13, 2018, Plaintiff retained Defendants to represent him in a legal malpractice claim against Weisbrod (the "Weisbrod claim"). Id. at ¶ 30. One or both Defendants regularly conduct business in Philadelphia and operate an office in Philadelphia. Id. at ¶¶ 2–4.

During their attorney-client relationship, Defendants failed to return Plaintiff's phone calls or to meet with him. Id. at ¶ 33. Furthermore, throughout the relationship, Defendants did not file a malpractice suit against Weisbrod or attempt to toll the statute of limitations on the Weisbrod claim. Id. at ¶ 35. Instead, on June 5, 2019, Defendants sent an email and a letter to Plaintiff to terminate their relationship. Id. at ¶ 34.[1] In that communication, Defendants' told Plaintiff that the statute of limitations for the Weisbrod claim would not run out until **March 8, 2020**. Id. Plaintiff relied on this representation. Id. Despite this advice, however, the statute of limitations for Plaintiff's claim elapsed on **December 19, 2018** — during the attorney-client relationship between Plaintiff and Defendants. Id. at ¶ 31.

Plaintiff initially sued Defendants in the Philadelphia County Court of Common Pleas on June 30, 2020. ECF 1-2. Defendants removed the case to the Eastern District of Pennsylvania based on diversity jurisdiction. ECF 1. Defendants then moved for a transfer of venue to the Middle District of Pennsylvania on August 10, 2020. ECF 3. Plaintiff responded August 24, 2020 and, in the response brief, requested leave to file a motion for sanctions. ECF 7. Defendants replied August 28, 2020. ECF 8.

---

[1] The Complaint, ECF 1-2, contains two paragraphs numbered 33. "¶ 34" refers to the second of these, as there is none numbered 34. The paragraph references used here are otherwise consistent with those in the Complaint.

3

**III.     Legal Standard for Motion to Transfer Venue**

28 U.S.C. § 1404(a) permits a district court to "transfer any civil action to any other district . . . where it might have been brought," based on "the convenience of parties and witnesses" and "the interest of justice."  "Analysis of a transfer request requires a two-step inquiry: first, the Court must determine that Defendants' proposed venue is proper, and, second, the Court must determine if the interests of justice would be better served by a transfer to the alternative forum."  Harper v. Sky King Fireworks, Inc., Civ. Act. No. 20-2031, 2020 WL 4039060, at *12 (E.D. Pa. July 16, 2020) (Joyner, J.) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).  If the transferee venue would not be proper, § 1404(a) would not apply and there is no need for the Court to reach the second question.  See Jumara, 55 F.3d at 878 (§ 1404(a) applies only "where both the original and the requested venue are proper.").

**IV.     Defendants' Motion to Transfer Venue**

Defendants request that the Court transfer the current proceedings to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).  Defendants here contend that the Middle District is proper under 28 U.S.C. § 1391(b)(2) — "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  In support, Defendants indicate that the events of the elapsed malpractice claim — Weisbrod's provision of legal services from his office and the location of the trial and parole revocation — occurred the Middle District.  Defs.' Memo. in support of Motion at 7.  "Should the Zeff Law Firm ha[ve] commenced an action for legal malpractice against Eric J. Weisbrod, Esquire, that action would have been commenced . . . within the Middle District."  Id. at 4.

4

Plaintiff, on the other hand, argues that the events in question are those stemming from Defendants' legal practice, which have no connection to the Middle District. Opp. to Motion at 5–6 (Defendants' representation occurred only in Philadelphia and/or New Jersey).

The question in front of the Court which event "giv[es] rise to the claim" for the purposes of § 1391(b)(2). In a legal malpractice suit, the relevant events for determining venue are those of the defendant-counsel's representation, not those underlying the claim that defendant-counsel allegedly mismanaged.

Lay v. Bumpass addressed this issue. No. 3:11-cv-1543, 2012 WL 3260425 (M.D. Pa. Aug. 8, 2012). As here, Lay addressed proper venue under § 1391(b)(2) for a malpractice claim against an attorney for failure to timely prosecute a separate tort claim. Id. at *1. The court concluded that the relevant "events or omissions" occurred where the defendant-attorney was practicing law when he allowed the plaintiff's claim to elapse. Id. at *3.

In Lay, the plaintiffs had sued an Arkansas attorney in Pennsylvania because defendant-counsel had mismanaged a legal claim and permitted it to elapse. Id. When the plaintiffs eventually tried to bring suit based on the underlying claim in Pennsylvania (with new counsel), the court dismissed it based on the relevant statute of limitations. Id. They then sued defendant-counsel in the Middle District of Pennsylvania for that malpractice. Id.

The court ruled that venue was not proper in the Middle District of Pennsylvania (from which defendant-counsel had never provided his services) but was proper in Arkansas (from which he provided legal services while permitting the underlying claim to elapse). Id. at *3. "[V]enue in a legal malpractice action is not premised upon the injury incurred in the underlying tort." Id. at *2 (citing Coleman v. Gurwin, 443 Mich. 59, 65–66 (1993)). "[A] legal malpractice claim is

5

triggered by the occurrence of the breach of duty, and not the underlying claim." Id. (citing Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011)).

This Court agrees with the reasoning in Lay. The determinative "events or omissions" relevant to proper venue in a legal malpractice suit under § 1391(b)(2) are those of the defendant-attorney in providing the allegedly deficient legal services, *not* those of the underlying claim. In this matter, the Weisbrod claim is only the underlying claim, and those events are not relevant to determining venue. Plaintiff's argument therefore prevails — Defendants provided no services related in the Middle District of Pennsylvania. Instead, the allegedly deficient legal services — the "breach of duty" giving rise to the present claim — all occurred in either the Eastern District or New Jersey. The location of Weisbrod's office and his records regarding Weisbrod claims is not relevant under Lay.[2]

The Middle District of Pennsylvania would not be a proper venue under § 1391(b)(2), and § 1404(a) does not permit this Court to transfer the present case there. The Court will accordingly DENY Defendants' motion to transfer venue.

## V.     **Plaintiff's Request for Leave to Seek Rule 11 Sanctions**

In his response brief, Plaintiff requests that the Court grant leave to file a motion for Rule 11 sanctions against Defendants for their motion to transfer venue. Plaintiff argues that Defendants' arguments are "disingenuous[]," "absurd[]" and "nothing more than a stalling tactic." The Court disagrees. While Defendants' arguments did not ultimately convince the Court, it finds

---

[2] Nor is Defendants' statement that they would have brought the Weisbrod claims suit in the Middle District. "A proper determination of venue depends upon the location of the alleged malpractice and not the location of the underlying suit's venue." Lay, 2012 WL 3260425, at *3.

no indication that they were "frivolous or abusive" or merit Rule 11 sanctions.  See Thomas v. Shaw, 632 F. App'x 716, 720 (3d Cir. 2015).  The Court will DENY Plaintiff's request.

## VI.     Conclusion

For the foregoing reasons, Defendants' motion to transfer venue to the Middle District of Pennsylvania is DENIED and Plaintiff's request for leave to request sanctions is DENIED. An appropriate order follows.

O:\CIVIL 20\20-3696 Moriarity v Zeff Law Firm\20cv3696 Memo re Motion to Transfer.docx