IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PHILIP LAWRENCE MORIARTY | CIVIL ACTION |
|---|---|
| v. | NO. 20-cv-3696 |
| ZEFF LAW FIRM, LLC and GREGG L. ZEFF, ESQ. | |

**MEMORANDUM RE: MOTIONS IN LIMINE**

**Baylson, J.**                                          **January 19, 2022**

## I. INTRODUCTION

Plaintiff has asserted a legal malpractice claim against Gregg L. Zeff and Zeff Law Firm alleging damages against Defendants for failure to commence a lawsuit against attorney Eric Weisbrod, a criminal defense lawyer who represented Philip Moriarty at a parole revocation proceeding.

Plaintiff's three motions in limine seek to preclude the following evidence at trial:

1. All evidence regarding transitional living or inpatient facilities (ECF 53).
2. All evidence regarding Plaintiff's medical history (ECF 54).
3. All evidence of Plaintiff's behavior during his incarceration (ECF 55).

Defendants filed two motions in limine, to preclude Plaintiff's wage loss and loss in earning capacity claims (ECF 49) and to preclude the report and testimony of Plaintiff's damages expert, Royal A. Bunin, MBA (ECF 50).

## II. RELEVANT FACTUAL ALLEGATIONS

In 2014, Plaintiff entered a guilty plea to recklessly endangering another person and resisting arrest. ECF 53 at 2. Plaintiff was immediately released on parole. Id. In 2016, Plaintiff was charged with assault and harassment. Id. Due to this arrest, Plaintiff alleges he missed three

work shifts in a row and was terminated from his employer on March 16, 2016 because of these "no-shows." ECF 49 at 1-2. Upon arrest, Plaintiff's parole officer filed a motion for revocation of Plaintiff's parole for his 2014 conviction. ECF 53 at 3. The Court appointed Attorney Weisbrod as counsel to represent Plaintiff on behalf of his new charges and his parole hearing. Id. at 2. At this hearing, the Court revoked Plaintiff's parole for the 2014 charge and recommitted Plaintiff to serve the twenty-two (22) months remaining on his sentence. Id. at 3. A jury later acquitted Plaintiff of all the new charges.

Plaintiff then filed suit pursuant to the Post Conviction Relief Act (PCRA) to vacate Plaintiff's parole revocation based on ineffective assistance of counsel. Id. at 3; see 42 Pa. C.S.A. §§9541–9546. The trial court denied relief, but Plaintiff's appeal to the Superior Court of Pennsylvania was successful. The Superior Court reversed and vacated Plaintiff's parole revocation on the grounds that his attorney, Mr. Weisbrod, provided ineffective assistance of counsel. Id. at 3-4; Commonwealth v. Moriarty, 180 A.3d 1279 (2018). This Court considers the Superior Court's ruling as "the law of the case" which must be applied in the upcoming trial of this case.

Plaintiff retained the Zeff Law Firm to sue Attorney Weisbrod for malpractice for his actions taken as counsel during the course of Plaintiff's parole revocation hearings. Id. at 4-5.

Plaintiff filed this suit against Gregg Zeff and the Zeff Law Firm for legal malpractice, alleging Mr. Zeff and his firm failed to file Plaintiff's malpractice suit against Attorney Weisbrod before the statute of limitations had run. Id. at 4-5.

### III.   ANALYSIS

    **A.   Defendants' Motions in Limine**

        1.   Motion to Preclude Wage Loss Claim

Plaintiff claims that he suffered lost wages from his employer, Harley Davidson, as a result of Attorney Weisbrod's alleged malpractice in handling his parole revocation hearing, though the parole revocation hearing took place on April 28, 2016, over one month after Plaintiff had already lost his job at Harley Davison. Defendants assert Plaintiff testified that he was told he would get his job back after his release from prison. Defendants argue that Plaintiff's claim for wage loss damages are speculative, and this claim must be excluded for the following reasons: (1) Plaintiff's assurances that he was told he would get his job back are inadmissible hearsay, and (2) Plaintiff was only hired as a temporary employee to handle Harley Davidson's peak customer season between January to April, after which the temporary employees are terminated.

2. Motion to Preclude Expert Report and Testimony

Royal A. Bunin, an economist, was retained by Plaintiff to calculate damages related to Plaintiff's wage loss claim. Defendants move to preclude Bunin's expert report and testimony on two grounds. First, Defendants state Plaintiff failed to identify Bunin as an expert on his Pretrial Statement and did not attach Bunin's report to his Pretrial Statement. Second, Defendants allege Bunin's expert report makes an incorrect assumption that Plaintiff was employed at Harley Davidson at the time of his parole hearing. Defendants argue Harley Davidson's employment records and Plaintiff's testimony conclusively show Plaintiff was fired over one month before Plaintiff's parole hearing.

Federal Rules of Evidence 702 governs the admissibility of expert testimony and requires an expert's testimony to be based upon sufficient facts or data. The Advisory Comments to Fed. R. Evid. 702 provide additional guidance for instances when relevant facts are in dispute. In such cases, "experts sometimes reach different conclusions based on competing versions of the facts." As such, Fed. R. Evid. 702 is "not intended to authorize a trial court to exclude an expert's

3

testimony on the ground that the court believes one version of the facts and not the other." There exists a factual dispute as to Harley Davidson's employment of Plaintiff. One issue may be whether Harley Davidson would have rehired Plaintiff had Plaintiff's parole not been revoked. See Meyer-Chatfield v. Century Bus. Servicing, Inc., 732 F. Supp. 2d 514, 525 (E.D. Pa. 2010) (determining the length of time that a party might have remained employed to be a disputed material fact to be decided by a jury at trial, who "may then choose to rely upon or disregard this portion of expert testimony"). Accordingly, the Court will defer ruling on both motions until trial, providing Plaintiff with the opportunity to provide testimony and corroborating evidence regarding his status and the existence of his opportunity to be rehired at Harley Davidson.

### B. Plaintiff's Motions in Limine

Plaintiff seeks to exclude the following evidence as irrelevant and unduly prejudicial: (i) his transitional living eligibility; (ii) his medical history; (iii) and his disciplinary behavior during incarceration. Plaintiff argues the only reason Defendants would seek to introduce evidence of such a nature would be to diminish his character, which is prohibited under Fed. R. Evid. 404(b).

The facts of consequence in this action surround the effectiveness of Defendant Zeff as counsel to Plaintiff. Plaintiff's eligibility for transitional living or halfway housing, in addition to Plaintiff's medical history, have no bearing on Zeff's effectiveness as counsel and are therefore precluded as irrelevant. However, to the extent Plaintiff "opens the door" by offering evidence on these issues, the Court must allow reasonable cross examination.

Defendants argue Plaintiff's disciplinary behavior is relevant in this case because Plaintiff had the opportunity to mitigate the damages on his wage loss claim by working while in prison. Defendants allege Plaintiff was, at some point during his incarceration, denied work privileges due to a series of disciplinary charges. Disciplinary charges notwithstanding, Plaintiff's behavior

during incarceration did not extend his sentence nor alter it substantially so as to greatly inflate Plaintiff's request for damages.

The probative value of this evidence is significantly outweighed by its potential for prejudice. Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 188 (3d Cir. 1990) ("Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs."); see Therrien v. Target Corp., 617 F.3d 1242 (10th Cir. 2010) (excluding evidence of customer's mental illness and prior criminal history in a customer's case of negligence against a shopkeeper where such evidence could cause jury to reject customer's claim on ground he was "a bad person."). Courts in this Circuit have only admitted prison disciplinary records where highly probative and directly relevant to the claim at issue, such as in cases involving use of restraints or allegations of excessive force against prisoners. See, e.g., Womack v. Smith, 2012 WL 1245752 (M.D. Pa. Apr. 13, 2012) (admitting a prisoner's disciplinary record only insofar as it showed how the prison guard's knowledge of his violence informed their decisions on using restraints against him in an altercation); Hill v. Lappin, 2020 WL 708927, at *5 (M.D. Pa. Feb. 12, 2020), reconsideration denied, 2020 WL 3547077 (M.D. Pa. June 30, 2020) (same); Diaz v. Aberts, 2013 WL 2322485 (E.D. Pa. May 28, 2013) (same). Due to its potential for prejudice, any evidence involving Plaintiffs disciplinary record will be excluded.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motions in Limine (Doc. Nos. 53-55) are **GRANTED** in part and **DENIED** in part**.** A ruling on Defendants' Motions in Limine (Doc. Nos. 49-50) will be **DEFERRED** until trial.

O:\CIVIL 20\20-3696 Moriarity v Zeff Law Firm\20cv3696 Memorandum re motions in limine.docx