IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP LAWRENCE MORIARTY**<br><br>v.<br><br>**ZEFF LAW FIRM LLC, et al.** | **CIVIL ACTIO1N**<br><br>**NO. 20-3696** |

### ORDER RE: DEFENDANTS' MOTION FOR COSTS

**AND NOW**, this 17th day of August, 2022, following the defense jury verdict in this legal malpractice case, and upon review of Defendants' Motion for Costs (ECF 101), it is hereby **ORDERED** that:

1. Defendants seek costs pursuant to Rule 68, however Rule 68 is inapplicable to this case given Defendants obtained the judgment. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 351-52 (1981) (holding Rule 68 inapplicable in case whether defendant obtained the judgment because Rule 68 applies "only to offers made by the defendant and only to judgments obtained by the plaintiff").

2. An allowance of costs pursuant to Rule 54(d)(1) is discretionary. See In re. Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000); Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"). There is a "'strong presumption' that costs are to be awarded to the prevailing party," Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010) (citing In re Paoli, 221 F.3d at 462), and whether that presumption is to be overcome depends on an analysis of several factors, including:

> (1) the unclean hands, or bad faith or dilatory tactics, of the prevailing party; (2) the good faith of the losing party and the

      closeness and difficulty of the issues they raised; (3) the relative disparity of wealth between the parties; and (4) the indigence or inability to pay a costs award by a losing party,

<u>In re Paoli</u>, 221 F.3d at 462-63.

3.    Although Plaintiff failed to respond to Defendant's motion, despite an Order directing Plaintiff's counsel of record to do so (<u>see</u> ECF 102), the Court will exercise its discretion given the striking economic disparity between the parties. The Court will not penalize a person of poor economic means from bringing a lawsuit and later being forced to pay high costs when a jury disagrees with their trial presentation.

4.    For these reasons, Defendants' Motion is **DENIED**.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-3696 Moriarity v Zeff Law Firm\20cv3696 Order re Defendants' Motion for Costs.docx